Issued August 30, 2007












In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00043-CR

____________


EDWARD ESPARZA, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 263rd District Court

Harris County, Texas

Trial Court Cause No. 9406505






DISSENTING OPINION

 

 Had the trial court ordered DNA testing in this case pursuant to Article 64.03,
it is doubtful that the results of the test would do anything other than further inculpate
appellant as the assailant--and, had this case been tried when such testing was widely
available, it might have been done in preparation for the trial. But Article 64.03
requires that we assume that "exculpatory results" would be obtained for the purpose
of considering whether to order a test to be conducted--that is, the statute requires
a defendant to establish "that he would not have been convicted if exculpatory results
had been obtained through DNA testing." Tex. Code Crim. Proc. Ann. art.
64.03(a)(2)(A) (Vernon 2006). Whether that assumption turns out to be true or false
is the subject of a different proceeding--in which appellant would bear the burden
of proving by clear and convincing evidence that the test results are, indeed,
exculpatory, and that with them in hand he would not have been convicted. The trial
court here did not allow the test, though the State concedes both that testable
evidence exists and that identity was contested at trial, with appellant calling several
alibi witnesses and pointing out that the complaining witness was unable to identify
him (though her aunt and sister both emphatically did). 

 Our court affirms the trial court's decision, concluding that it could not be
possible for the DNA results in this case to be exculpatory because it is possible that
the complaining witness had sex two days before the incident. In my view, the Court
of Criminal Appeals' decision in Smith v. State rejects such a conclusion in the
circumstances presented by this case. See 165 S.W.3d 361, 364-65 (Tex. Crim. App.
2005) ("The evidence that the attacker did leave seminal fluid at the time of the
attack, combined with the lack of any evidence that the victim had intercourse with
anyone other than her attacker during the 24 hours preceding the exam indicates that
the seminal fluid belongs to the attacker."). The assertion that a complaining witness
possibly had sex two days before the incident does not render DNA test results so
void of evidentiary weight so as not to order the test, as the plain language of the
statute requires, given that the semen samples in this case were taken immediately
after the offense. 

 The State relies upon a bench conference at appellant's trial, during which
appellant's trial counsel refers to an offense report that stated that the complainant
had sexual relations two days before the sexual assault offense. In its response to the
motion for DNA testing, the State supported the bench conference colloquy with an
affidavit from a prosecutor that his review of that offense report reflects that the
complainant reported that she had sex two days before the offense. It is undisputed
that no witness testified about any prior sexual activity of the complaining witness,
nor has the State ever admitted the offense report as an exhibit. Relying on the bench
conference and the State's affidavit, the State contends, and the majority agrees,
assuming that another unknown male's DNA was found in the seminal fluid, and not
appellant's, such "seemingly favorable test results would not constitute exculpatory
evidence" because "[a]ny DNA not contributed by [appellant] could be attributed to
the person with whom the complainant had sex prior to the [instant] offense."

 This case is similar to Smith in that: (1) no evidence exists in the convicting
court record or this record that the complaining witness had sex with anyone else in
the 24 hours before she was assaulted; (2) the complaining witness testified that the
seminal fluid of her attacker was present after the rape; and (3) a rape kit done almost
immediately after the assault recovered seminal fluid. See 165 S.W.3d at 364-65
(holding that trial court erred in not ordering DNA testing where above facts were
present). Assuming that the fluid does not match appellant's DNA (as we must for
purposes of considering whether to order the test), it is likely to carry exculpatory
weight. See id. at 365 (noting that there was "at least a 51% chance" that the
defendant would not have been convicted if DNA test results did not match the
defendant). The majority's holding disallows DNA testing based on an assertion that
the complaining witness had sex two days earlier. As in Smith, such an assertion
raises no more than a possibility that the DNA test results would not be exculpatory. 
Id. It is not a basis to deny the test in the first instance. The assertion of possible
prior sexual activity in this case is too remote from the offense to conclude that DNA
test results from evidence obtained after the offense would carry no evidentiary
value-- rather, like in Smith, the DNA recovered after the attack in this case is more
likely than not to belong to the attacker.

 Because the majority's opinion presumes that the possibility of remote sexual
activity (two days earlier, according to the prosecutor's accounting of the police
report) negates any evidentiary weight of DNA test results performed on evidence
retrieved immediately following the offense, inconsistent with the Court of Criminal
Appeals' decision in Smith v. State, I respectfully dissent.


 Jane Bland

 Justice




Panel consists of Chief Justice Radack and Justices Jennings and Bland.


Justice Bland, dissenting.


Publish. Tex. R. App. P. 47.2(b)